IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| STATE OF TEXAS; AMERICAN ASSOCIATION OF PRO-LIFE OBSTETRICIANS & GYNECOLOGISTS; and CHRISTIAN MEDICAL & DENTAL ASSOCIATIONS,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; CENTERS FOR MEDICARE & MEDICAID SERVICES (CMS); KAREN L. TRITZ, in her official capacity as Director of the Survey and Operations Group for CMS; DAVID R. WRIGHT, in his official capacity as Director of the Quality Safety and Oversight Group for CMS,<br><br>Defendants-Appellants. | No. 22-11037 |

**UNOPPOSED MOTION TO HOLD APPEAL IN ABEYANCE**

Pursuant to Federal Rule of Appellate Procedure 27 and Fifth Circuit Rule 27, defendants-appellants respectfully request that the Court hold this appeal in abeyance, and order that defendants-appellants submit a status report every 30 days concerning the status of the district court proceedings. This motion is unopposed.

1. This interlocutory appeal arises from a preliminary injunction. *See* Dkt. No. 94; *see also* 28 U.S.C. § 1292(a)(1). The federal government's opening brief is currently due on January 6, 2023.

2. Following its memorandum opinion and order granting a preliminary injunction, Dkt. No. 73, and its order resolving the federal government's motion for clarification as to the injunction's scope, Dkt. No. 99, the district court directed the parties to address whether, among other things, the parties "agree to convert the preliminary injunction to a permanent injunction and final judgment," Dkt. No. 100 at 2. On December 9, 2022, the parties submitted a joint status report proposing that the district court "direct entry of a final judgment under Federal Rule of Civil Procedure 54(b) as to the two claims the Court addressed in the Memorandum Opinion and Order granting Plaintiffs' Motion for Preliminary Injunction for the reasons stated in that opinion and order, and (2) stay the remaining claims pending resolution of Defendants' appeal." Dkt. No. 105 at 1.

3. Holding this appeal in abeyance is appropriate because it would become moot if the district court adopts the party's proposal to direct entry of final judgment. *See, e.g., Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 314 (1999) ("Generally, an appeal from the grant of a preliminary injunction becomes moot when the trial court enters a permanent injunction, because the former merges into the latter."); *F.T.C. v. Assail, Inc.*, 98 F. App'x 316, 316 (5th Cir. 2004) ("The district court's grant of a permanent injunction rendered this particular appeal [of a corresponding

2

preliminary injunction] moot."); *Louisiana World Exposition, Inc. v. Logue*, 746 F.2d 1033, 1038 (5th Cir. 1984) ("Once an order granting a permanent injunction is entered, the order granting the preliminary injunction is merged with it, and an appeal is proper only from the order granting the permanent injunction."). Holding this matter in abeyance would also preserve judicial and party resources, including because no brief has been submitted and oral argument has not yet been calendared.

4. Counsel for plaintiffs-appellees stated that they do not oppose this motion.

## CONCLUSION

For the foregoing reasons, defendants-appellants respectfully ask that the Court hold in abeyance all proceedings in this appeal to allow the district court to determine whether to direct final judgment concerning the preliminary injunction at issue here.

                        Respectfully submitted,

                           MICHAEL S. RAAB
                             (202) 514-4053
                         MCKAYE L. NEUMEISTER
                             (202) 514-8100

                       s/ Nicholas S. Crown
                         NICHOLAS S. CROWN
                             (202) 993-5192
                         *Attorneys, Appellate Staff*
                         *Civil Division*
                         *United States Department of Justice*
                         *950 Pennsylvania Ave., N.W., Rm. 7325*
                         *Washington, D.C. 20530*

DECEMBER 2022

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2022, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system and that counsel for the parties will be served through that system.

                                                s/Nicholas S. Crown
                                                NICHOLAS S. CROWN